UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ANWAR M. ABDI,

        Plaintiff,

v.

TIMOTHY DOLAN, R.T. RYBAK,
WILLIAM PALMER, and MARK DAYTON,

        Defendants.

Civil No. 12-2010 (RHK/JJG)

**REPORT AND RECOMMENDATION**

     This matter is before the undersigned United States Magistrate Judge on Plaintiff's application to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons stated below, it is recommended that Plaintiff's IFP application be denied, and that this action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

     An IFP application will be denied, and the action will be dismissed, if the applicant has filed a complaint that is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is "frivolous," and therefore subject to dismissal under § 1915(e)(2)(B)(i), "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). See also Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). Federal courts cannot summarily dismiss an action commenced by an IFP applicant, if the facts alleged in the applicant's complaint are merely "unlikely." Denton, 504 U.S. at 33. However, an IFP action can properly be dismissed, sua sponte, if the allegations in the complaint are found to be "fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly

incredible." Id., citing Neitzke, 490 U.S. at 325, 328.

In some cases, it can be difficult to discern whether a plaintiff's allegations are truly "delusional," or merely "unlikely." In this case, however, that is an easy call to make. Plaintiff's complaint is a haphazard array of nonsensical phrases and sentence fragments, accompanied by an equally haphazard collection of extraneous documents. The entire 75-page pleading is simply unintelligible.

It is readily apparent that Plaintiff's complaint in this case "rise[s] to the level of the irrational or the wholly incredible." Without a doubt, the complaint is "frivolous," as that term has been defined by the Supreme Court. Therefore, the Court will recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed pursuant to § 1915(e)(2)(B)(i).

The Court notes that Plaintiff has now filed three frivolous lawsuits during the past few days. (See Abdi v. Holder, Civil No. 12-1988 (DWF/JJK) and Abdi v. Klobuchar, Civil No. 12-2006 (DWF/TNL).) Therefore, it may soon become necessary to restrict Plaintiff's ability to file additional actions in this District in the future. Although the Court will not recommend that any restrictions be imposed at this time, Plaintiff is now forewarned that if he brings any more frivolous lawsuits, he could be barred from filing new actions without first receiving pre-authorization from a judge.

## RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be DENIED; and

2. This action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(I).

Dated: August 22, 2012       s/ *Jeanne J. Graham*
                             JEANNE J. GRAHAM
                             United States Magistrate Judge

**NOTICE**

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **September 6, 2012**. A party may respond to the objections within fourteen (14) days after service thereof. Any objections or responses shall not exceed 3,500 words. The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.